IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR346** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **SUSAN BERRY-SWANSON,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 66). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 33 (§ 2D1.1(b)(10)(D)) enhancement for creating a substantial risk of harm to a minor), and ¶¶ 44 and 45 (criminal history).

**¶ 33 - § 2D1.1(b)(10)(D)) Enhancement**

The objection will be heard at sentencing. The government has the burden by a preponderance of the evidence.

**¶¶ 44, 45 - Criminal History**

The Defendant argues that ¶¶ 44 and 45 do not disclose whether she was represented by counsel with respect to those offenses. This information might be available from the probation officer. The objections will be heard at sentencing, and once the government proves a conviction, a defendant has the burden to prove by a preponderance of the evidence that the conviction is constitutionally invalid. *United States v. Reyes-Solano,* 543 F.3d 474, 478 (8th Cir. 2008).

IT IS ORDERED:

1.  The Defendant's Objections to the Presentence Investigation Report (Filing No. 66) will be heard at sentencing;

2.  Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.  Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 4th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge